UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE FUND AND VACATION FUNDS, FINISHING TRADES INSTITUTE and HARRY J. HARCHETTS**, as Trustee and Fiduciary for  DISTRICT COUNCIL 711 HEALTH & WELFARE and VACATION FUNDS and FINISHING TRADES INSTITUTE<br><br>            **Plaintiffs,**<br><br>      v.<br><br>**DAMELIO COMMERCIAL CONTRACTING,**<br><br>            **Defendant.** | Civ. No. 13-3538 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

**THIS MATTER** comes before the court on Plaintiffs' Motion for Default Judgment against Defendant Damelio Commercial Contracting pursuant to Federal Rule of Civil Procedure 55(b)(2).  For the reasons set forth below, the motion is hereby granted.

Plaintiff International Union of Painters and Allied Trades District 711 Health & Welfare and Vacation Funds and Finishing Trades Institute ("the Funds") are trust funds established and maintained pursuant to the LMRA, 29 U.S.C. § 186(c)(5) and are employee benefits plans established and maintained pursuant to Section 3(1), (2), and (3)

1

of ERISA, 29 U.S.C. § 1002(1), (2), and (3), for the purpose of providing health benefits and other benefits to eligible participations. (Complaint at ¶ 4)

The Complaint alleges that Defendant was a party to and/or agreed to abide by the terms and conditions of a collective bargaining agreement ("CBA") with the International Union of Painters and Allied Trades District Council 711 ("the Union"). (Complaint at ¶ 14) By virtue of the CBA, Defendant agreed to make fringe benefit contributions for eligible participants on a timely basis. (Complaint at ¶ 14) Defendant also agreed via the CBA to produce upon request by Funds, all books and records deemed necessary to conduct an audit of Damelio's records concerning its obligations to the Funds and to pay the cost of the audit if found to be delinquent. (Complaint at ¶ 15)

Beginning in or about April 2011, the Funds' auditor, Novak Francella, LLC, attempted to perform a payroll compliance audit for the Defendant, but Defendant failed or refused to provide accurate financial records and documentation when requested. (Complaint at ¶ 16)

Prior to this litigation, Plaintiffs filed a Complaint against Defendant in this court on December 20, 2011. Civ. No. 11-07577 (DRD-MAS) Thereafter, the parties executed a Settlement Agreement on May 25, 2012. (Complaint at ¶ 18) Pursuant to the Settlement Agreement, Damelio agreed to aid and assist in the payroll compliance audits for the period of January 2007 through the end of May 2012. (Complaint at ¶ 19) After execution of the Settlement Agreement, the parties agreed to dismiss the civil action without prejudice. (Complaint at ¶ 20)

Despite several efforts to schedule the audit, Damelio has failed to cooperate, and an audit has not yet been conducted. (Complaint at ¶ 21; *see also* Affidavit of Mark E. Poist, Esq. at ¶ 7)

Plaintiffs commenced this action to enforce the Settlement Agreement on June 7, 2013. (ECF No. 1) The Complaint seeks an order compelling Defendant to submit to a payroll audit, and upon completion of the audit, to remit the amount due and owing, including contributions, as well as interest and liquidated damages pursuant to 29 U.S.C. § 1132(g).

Plaintiffs served the Complaint on Defendant on August 9, 2013. (ECF No. 4) The time for Defendant to answer or otherwise respond to the Complaint expired on August 30, 2013. *See* Fed. R. Civ. P. 12(a). To date, Defendant has failed to answer or otherwise respond to the Complaint. Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered a Default against Defendant on December 26, 2013. (ECF No. 8) Plaintiffs filed the instant Motion for Default Judgment on January 13, 2014 and served Defendant with notice of the motion on January 13, 2014. (ECF No. 9) No opposition has been filed.

"Before imposing the extreme sanction of default, district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*,

250 F.R.D. 171, 177 (D.N.J. 2008) (*citing Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

In this case, the court finds that the facts set forth in the Complaint, the motion, and the attached exhibits merit entry of a default judgment.  First, the court finds that there is no basis for Defendant to claim a meritorious defense, as Plaintiffs provided ample evidence that Defendant entered into and then breached a Settlement Agreement with Plaintiffs.  *See Days Inns Worldwide, Inc. v. LT Hospitality, Inc.*, No. 10-6125, 2011 U.S. Dist. LEXIS 76459, at *5-6 (D.N.J. July 14, 2011).  Second, it is clear that Plaintiffs have been prejudiced by Defendant's failure to answer because Plaintiffs have incurred additional costs, have been unable to move forward with the case, and have been delayed in receiving relief.  *See Malik v. Hannah*, 661 F. Supp. 2d 485, 490-91 (D.N.J. 2009).  Third, where, as here, Defendant has failed to respond, there is a presumption of culpability.  *See Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 U.S. Dist. LEXIS 115142, at *10 (D.N.J. Oct. 5, 2011).

The court further finds that Plaintiffs have submitted sufficient evidence to support their request for relief pursuant to Federal Rule of Civil Procedure 55(b).

For the foregoing reasons, the court will grant Plaintiffs' motion by ordering Defendant to submit to a payroll audit by producing all necessary payroll information to the Funds within 20 days, and within 10 days of receiving the result of the order, to remit all payments due and owing to the Funds.  An appropriate order follows.

/s/ William J. Martini

_____

**WILLIAM J. MARTINI, U.S.D.J.**

**DATE: March 26, 2014**